JULIÁN KOBLER ET AL., Plaintiffs, Appellees, and Appellants, *v.* ESCAMBRÓN DEVELOPMENT CORP., Defendant, Appellant, and Appellee.

No. 12625.   Decided June 22, 1962.

*Juan Enrique Géigel, Guillermo Silva, Jaime A. García Blanco,* and *Hernán G. Pesquera* for defendant.   *F. Fernández Cuyar* for plaintiffs.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

The plaintiffs, husband and wife, claimed from the hotel corporation damages sustained by the wife as a result of an accident allegedly suffered while being its guests.

The trial court determined "that the degree of fault of Mr. Velasco, an employee and agent of defendant, was about one third of that of Mrs. Kobler. This is why defendant's fault in the accident and of the damages sustained by plaintiff is one fourth of the total." Notwithstanding the fact that the acts occurred on February 22, 1955, prior to the amendment to § 1802 of the Civil Code, 31 L.P.R.A. § 5141, the trial court mitigated the damages, and notwithstanding the recognition that plaintiff contributed to the occurrence of the accident, it awarded compensation. In support of the trial judge's determination, plaintiffs invoke § 1056 of the Civil Code, 31 L.P.R.A. § 3020.[1]   Before the amendment to

---

[1] Section 1056 provides as follows:

"Liability arising from negligence is also demandable in the fulfilment of all kinds of obligations, but it may be mitigated by the court, according to the case."

§ 1802 of the Civil Code we never applied the doctrine of comparative negligence.[2] It was considered that express legislation to that effect was necessary. *Irizarry* v. *People*, 75 P.R.R. 740, 747 (1954). Two years later, by Act No. 28 of June 9, 1956 (Sess. Laws, p. 86), the Legislative Assembly incorporated that doctrine in our juridical system amending § 1802.[3] Plaintiffs admit that the amended provision does not apply to the facts of this case because they occurred prior to its effectiveness. *Quiñones* v. *Hernández*, 83 P.R.R. 206 (1961), footnote 2. Thus, even assuming that defendant's agent was negligent, the respondent court erred in sustaining the action exercised despite plaintiff's contributory negligence. *Natal* v. *Bartolomey et al.*, 14 P.R.R. 474 (1908), and all subsequent cases applying the doctrine of contributory negligence as exempting from liability until the approval of the amendment to § 1802 by Act No. 28 of June 9, 1956.

The judgment appealed from which was rendered by the Superior Court, San Juan Part, on December 31, 1957, will be reversed.

---

[2] In *Ramos* v. *Carlo*, 85 P.R.R. 337 (1962), a division of this Court considered by way of dictum (see footnote 6 of that opinion) the question of the applicability of § 1056 to mitigate the damages.

[3] The amendment consisted in adding a sentence which reads as follows:

"Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."